UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICARDO HENRY,   *COMPLAINT AND*
   *JURY DEMAND*

                        Plaintiff,

  -against-

                                                  Docket No.
                                                  1:14-cv-7179

CHRISTIA VALENZUELA, SHIELD NO.
19271, POLICE OFFICER "JOHN DOE",   ECF CASE
POLICE OFFICER "JANE DOE" FROM
THE 77TH PRECINCT,
                                    Defendants.
-------------------------------------------------------------------X

     Plaintiff Ricardo Henry, by his attorney Joseph Indusi, of London Indusi, LLP, for his complaint against defendant New York City Police Department Officers alleges as follows:

## PRELIMARY STATEMENT:

     1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

     2. The claim arises from an April 23, 2014 incident in which defendants, acting under color of state law, pulled Mr. Henry out of his home and unlawfully arrested him for no valid reason. Mr. Henry spent approximately 26 hours unlawfully in police custody. On October 23, 2014, Mr. Henry's case was dismissed and sealed in his favor.

     3. Plaintiff seeks monetary damages (compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

     4. This action arises under the Fourth, Eighth and Fourteenth Amendments to the United

States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

8. Defendant Valenzuela, Defendant John Doe and Defendant Jane Doe, were, at all times here relevant, a police officer of the NYPD and as such were acting in the capacity of an agent, servant and employee of the City of New York.

9. On information and belief, at all times relevant hereto, Defendant Valenzuela, Defendant John Doe and Defendant Jane Doe, were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause.

10. Upon information and belief, Defendant Valenzuela, Defendant John Doe and Defendant Jane Doe were under the command of the 77th precinct on the date of the incident.

11. While an officer at the 77th precinct, Defendant Valenzuela, Defendant John Doe and Defendant Jane Doe's supervisors failed to train, supervise, discipline and control them.

12. On information and belief, at all times relevant hereto, Defendant Valenzuela, Defendant John Doe and Defendant Jane Doe were under the command of the 77th precinct and

are sued in their individual capacity.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

14. On April 23, 2014, at approximately 12:21 a.m., Mr. Henry was inside his home at 810 Sterling Place, Apt 1, in Brooklyn, New York.

15. Plaintiff Henry was inside his private residence with 2 other friends, one of which was Omar Stephenson.

16. Plaintiff Henry and his 2 friends were listening to music and celebrating his birthday.

17. Plaintiff Henry and his friends heard NYPD lights and sirens very loudly outside his home, and Omar Stephenson left the private residence to see the commotion.

18. Omar Stephenson left his cell phone inside when he went outside of Plaintiff Henry's residence.

19. 810 Sterling Place is a private residence that has a stoop outside the front door, and below the stoop are 5 steps leading up to the door.

20. A few minutes later, Plaintiff Henry went to his front door and stood at the top of the 5 step walkway outside his private residence.

21. When Plaintiff Henry opened his front door, he saw Omar Stephenson was standing on the 4th step of the 5 step walkway outside Mr. Henry's private residence.

22. Defendant Valenzuela and Defendant John Doe were standing on the 2nd step of the 5 step walkway leading up to Mr. Henry's private residence.

23. Defendant Jane Doe was standing in Mr. Henry's front yard, not on any of the steps.

24. Mr. Henry saw Defendant Valenzuela, Defendant John Doe and Defendant Jane Doe talking to Omar Stephenson from their respective positions.

25. Plaintiff Henry did not know why the Defendant Officers were talking to Omar Stephenson on the steps of Plaintiff Henry's house.

26. Omar Stephenson said to Plaintiff Henry, "Can you go get my cell phone inside?"

27. Plaintiff Henry said, "Yeah I'll get your cell phone."

28. When Plaintiff Henry attempted to go inside to retrieve Omar Stephenson's cell phone, Defendant John Doe grabbed Mr. Henry.

29. Defendant John Doe yelled, "You're not going anywhere!"

30. Defendant John Doe walked to the top step, grabbed Plaintiff Henry's arms, pulled them back, and prevented Mr. Henry from going back inside his home.

31. Defendant John Doe and Defendant Valenzuela, acting in concert, then pushed Mr. Henry up against the front door of his private residence, and unlawfully handcuffed Plaintiff Henry.

32. Plaintiff Henry pleaded with the Defendant Officers, "Why are you arresting me in my home? What have I done wrong? Can you please loosen the cuffs?"

33. The Defendants then and threw Mr. Henry into the marked vehicle and drove him to the 77th Precinct, ignoring his requests to loosen the cuffs.

34. Omar Stephenson was not arrested.

35. There was no probable cause to arrest Mr. Henry.

36. Mr. Henry did not resist arrest.

37. Mr. Henry was taken to the 77th Precinct and placed in a holding cell.

38. Another individual was placed in the holding cell with Mr. Henry.

39. Upon information and belief, this other individual had a violent arrest history.

40. Upon information and belief, this other individual was under arrest for a violent offense.

41. The other individual placed in a holding cell was not restrained or shackled.

42. This other individual attacked Mr. Henry and punched him in the face causing injury, namely substantial pain and swelling.

43. The police had to use an electronic Taser to subdue the other individual and remove him from Mr. Henry.

44. Plaintiff was then taken to central booking to await arraignment.

45. While Plaintiff was in central booking, Officer Valenzuela and her fellow officer, acting in concert and with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Obstructing Governmental Administration and Resisting Arrest.

46. Mr. Henry was and arraigned on those charges.

47. Mr. Henry spent approximately 26 hours unlawfully in police custody.

48. On October 24, 2014, Mr. Henry's case was dismissed and sealed in his favor.

49. At all times during the events described above, Defendant Valenzuela, Defendant John Doe, and Defendant Jane Doe were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

50. Defendant Valenzuela, Defendant John Doe, and Defendant Jane Doe assisted each other in performing the various actions described and lent their physical presence and support

and the authority of their office to each other during said events.

51. Defendant Valenzuela, Defendant John Doe, and Defendant Jane Doe failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

52. During all of the events described, Defendant Valenzuela, Defendant John Doe, and Defendant Jane Doe acted maliciously and with intent to injure plaintiff.

## DAMAGES

53. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a) Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b) Violation of his rights pursuant to the Eighth Amendment of the United States Constitution to provide a safe holding environment;

    c) Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    d) Physical pain and suffering;

    e) Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    f) Loss of liberty;

FIRST CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference.

55. The defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

56. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

57. At all relevant time's defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

58. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

59. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

60. All of this occurred without any illegal conduct by plaintiff.

61. Mr. Henry's case was terminated and sealed in his favor on October 24, 2013.

62. The defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

63. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
Failure to Provide Police Protection
42 U.S.C. § 1983 Against Individual Defendants

64. Plaintiff was unlawfully incarcerated under conditions posing a substantial risk of serious harm.

65. Defendants had knowledge that plaintiff faced a substantial risk of serious harm.

66. Defendants acted with malice.

67. Defendants disregarded the risk of serious harm by failing to take reasonable measures to abate the harm.

68. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

THIRD CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

69. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

70. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

71. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

WHEREFORE, plaintiff respectfully requests judgment against defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B.    Awarding Plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

D. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

E. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 8, 2014
Brooklyn New York

Respectfully submitted,

/s/ Joseph Indusi
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Mr. Indusi
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 249-9391 – Fax
Joe@LondonIndusi.com